**YOU IN SHEN, also known as Yu Lin Shen, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 02–4100.**

United States Court of Appeals, Second Circuit.

June 28, 2004.

Theodore N. Cox, New York, NY, for Petitioner.

Michael L. Tabak, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, of counsel, David N. Kelley, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent.

PRESENT: MINER, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner You In Shen, a native and citizen of the People's Republic of China, petitions this Court for review of a March 6, 2002 order of the Board of Immigration Appeals ("BIA") affirming a July 10, 2000 decision by an immigration judge ("IJ") that denied Shen's application for asylum and withholding of deportation under the Immigration and Nationality Act, and for relief under the United Nations Convention Against Torture. At the hearing before the IJ, Shen testified that he fled China because of political persecution resulting from his participation in the 1989 student democracy movement, and that, if he were returned to China, he would face further persecution for his activities in 1989 and would also be persecuted under China's family-planning policy because he has fathered two children. The IJ found Shen to be not credible, citing Shen's demeanor at the hearing, inconsistencies and implausibilities in his testimony, and the lack of any corroborating documentary evidence.

We defer to the IJ's factual findings as long as they are supported by "substantial evidence." *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003). Where a petitioner challenges the sufficiency of factual findings underlying an IJ's determination that the petitioner has failed to establish his eligibility for asylum, "we will reverse the immigration court's ruling only if 'no reasonable fact-finder could have failed to find ... past persecution or fear of future persecution.'" *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Furthermore, "we give 'particular deference to the credibility de-

terminations of the IJ.'" *Id.* at 275 (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)).

Upon review of the record, we hold that substantial evidence supports the IJ's determination that Shen was not credible. The IJ identified several inconsistencies among Shen's testimony at the hearing, his testimony at an earlier asylum hearing, and his amended asylum application. These inconsistencies pertain to where Shen was born, whether he communicated with his wife after leaving China, the date and circumstances of a pro-democracy speech he gave, the date of his arrest, and the length of his detention. Observing Shen's demeanor and these inconsistencies, the IJ concluded that Shen "makes up his events as he goes along." Additionally, Shen had no documentation in support of any of the central facts of his account. In light of Shen's lack of credibility and the absence of corroboration of his claims, we hold that substantial evidence supported the IJ's determination that Shen failed to establish either past persecution or a reasonable fear of future persecution, as required to obtain asylum or withholding of deportation.

For the same reasons, the IJ correctly concluded that Shen has not "establish[ed] that it is more likely than not that he ... would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see generally Wang v. Ashcroft*, 320 F.3d 130, 133–34 (2d Cir.2003). Shen is therefore not eligible for withholding of removal under the Convention Against Torture.

\*     \*     \*     \*     \*     \*

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition is **DENIED** and the decision of the Board of Immigration Appeals is **AFFIRMED**.